# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

ROBERT FRANKLIN BELL, JR.,    )
    )
       Plaintiff,    )      Case No.  1:23-cv-300
    )
v.    )      Judge Atchley
    )
SHERIFF JEFF EADS and    )      Magistrate Judge Steger
TRINITY FOOD SERVICE GROUP,    )
    )
       Defendants.    )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner housed in the Bledsoe County Correctional Complex ("BCCX"), has filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**, and the Court will **TRANSFER** this action to the Nashville Division of the United States District Court for the Middle District of Tennessee.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the $350.00 filing fee required by 28 U.S.C. § 1914(a). "All prisoners while incarcerated must now pay the required filing fees and costs. When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997). It appears from Plaintiff's motion that he is unable to pay the filing fee in a lump sum, and therefore, the motion to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    VENUE

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Plaintiff's complaint involves incidents that occurred while he was housed in the Dickson County Jail in Charlotte, Tennessee. The individual Defendant, Jeff Eads,

2

is Sheriff of Dickson County. Dickson County lies in the judicial district for the Nashville Division of the United States District Court for the Middle District of Tennessee. 28 U.S.C. § 123(b)(1).

A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a). It is appropriate to do so here. Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Nashville Division of the Middle District of Tennessee, and to close this Court's file.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy; and

5. The Clerk is **DIRECTED** to transfer this action to the Nashville Division of the Middle District of Tennessee, and to close this Court's file.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**

3